UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLAL K. AMRANI, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, et al.,<br><br>    Defendants. | CASE NO. C19-844 RSM<br><br>ORDER DENYING APPLICATION FOR COURT-APPOINTED COUNSEL |

## I. INTRODUCTION

This matter is before the Court on Plaintiff Allal Amrani's Application for Court-Appointed Counsel. Dkt. #22. Finding that appointment of counsel is not warranted, the Court denies the Application.

## II. BACKGROUND

By way of brief background, Plaintiff initiated this action to restrain or overcome a foreclosure of the property on which he resides. The property was first purchased by one of the defendants for a business venture with Plaintiff. Dkt. #7 at ¶¶ 8–12. The property was later transferred to the business venture, but payments were missed, and the mortgage went into default in 2011. *Id.* at ¶ 19. Over the years, Plaintiff has recorded several quit claim deeds related to the property and has recorded a "UCC Development Real Estate Services Mechanic's Lien" against

ORDER – 1

the property. *Id.* at ¶ 26; Dkt. #7-4. Through this series of documents, Plaintiff seems to allege ownership of the property, an entitlement to satisfaction of a super-priority lien, or that defendants lack the ability to foreclose upon the property. Dkt. #7 at ¶¶ 35–44.

Regarding the pending Application to appoint counsel, Plaintiff details some of his efforts to secure counsel on his own, including seeking assistance from the Washington State Attorney General, "Seniors Assistance," "211," assistance from a guardian ad-litem that was appointed in a state court action, and contacts with attorneys about pro bono representation. Dkt. #22 at 2. Plaintiff also notes that he was previously afforded counsel in a state court action and provides evidence that he receives disability benefits from the social security administration. *Id.*; Dkt. #22-1 at 6. Plaintiff also attaches a completed copy of the Court's "Application for Accommodations for Trial Participants with Communication Disabilities" form. Dkt. #22-2. Therein, Plaintiff details his need for court-appointed counsel:

> Mr Amrani suffers from severe [Post Traumatic Stress Disorder] and cannot speak to defend his rights in court. He becomes flooded with anxiety, overwhelmed and incapacitated from panic reactions. He also has suffered an infection to the spleen and brain (Echinococcosis) that may have compromised his attention and communicative ability further. His uncontrolled Type 2 diabetes also causes difficulties in concentration due often unpredictable blood sugar fluctuations.

*Id.* at 2. Lastly, Plaintiff supports his request with a letter from his Psychologist detailing his conditions and the difficulties the conditions will cause Plaintiff in pursuing this action. Dkt. #22-3.

### III. DISCUSSION

**A. Legal Standard**

In civil cases, the appointment of counsel to a pro se litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing

ORDER – 2

*Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009) (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)).

### B. The Court Declines to Appoint Counsel

Plaintiff does not satisfy the applicable standard here. The Court has previously expressed concerns over the merits of Plaintiff's claims and noted that he has "not clearly established whether this Court can exercise jurisdiction over this matter." Dkt. #14 at 6. Ruling on what the Court interpreted as a motion for a temporary restraining order, the Court noted that Plaintiff had not yet provided "adequate legal analysis for the Court to weigh the likelihood of success on the merits." *Id.* Plaintiff provides no further analysis here. The Court is still unsure as to whether any of Plaintiff's claims have merit or whether the matter is even within this Court's subject matter jurisdiction.[1] The merits of Plaintiff's case do not justify appointed counsel.

Plaintiff's more compelling argument is that he is disabled and lacks the ability to represent himself in this action. But Plaintiff has demonstrated both sufficient background knowledge and writing ability for him to adequately represent himself at this point. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (approving of denial of counsel where litigant "demonstrated sufficient writing ability and legal knowledge to articulate his claim"). Specifically, Plaintiff indicates that he has "an active license as a Real Estate Managing Broker[,] . . . was in the practice of real estate for the greater of 30 years[,]" and entered into a business

---

[1] The Court further notes that two motions to dismiss and one motion for summary judgment are currently pending or being briefed. Dkts. #25, #27, and #32.

ORDER – 3

relationship with one of the defendants to develop "a real estate school" where Plaintiff was to serve as president. Dkt. #5 at ¶¶ 43–44. Plaintiff appears to have the mental ability to represent himself.

Plaintiff further indicates that he may have difficulty representing himself in court because he "becomes flooded with anxiety, overwhelmed and incapacitated from panic reactions." Dkt. #22-2 at 2. But the Court notes that Plaintiff's primary concerns and disabilities are not particularly applicable at this stage of the case. There are currently no in-court hearings scheduled. Plaintiff has not indicated that he has any difficulty communicating by written word and has, in fact, demonstrated the opposite. To the extent this case progresses to a point where Plaintiff's disabilities may impact his case, the Court will consider further accommodations as necessary. To the extent Plaintiff has a current need for additional accommodations to adequately represent himself, he may request any accommodations he believes necessary.[2]

## IV. CONCLUSION

Accordingly, having considered Plaintiff's Application and the remainder of the record, the Court finds and ORDERS that Plaintiff's Application for Court-Appointed Counsel (Dkt. #22) is DENIED. The denial is without prejudice as to Plaintiff seeking court-appointed counsel at a later stage of this case.

DATED this 26th day of July 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] This could include, for instance, having the parties communicate in writing whenever possible or extending briefing schedules to provide Plaintiff additional time to mitigate the impact of his conditions.

ORDER – 4