UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLAL K. AMRANI, et al., | CASE NO. C19-844 RSM |
| Plaintiffs, | ORDER TO SHOW CAUSE |
| v. | |
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, et al., | |
| Defendants. | |

This matter is before the Court *sua sponte*. Plaintiff Allal Amrani has been granted *in forma pauperis* ("IFP") status in this matter and is proceeding *pro se*. Dkt. #3. On several occasions, the Court has expressed concern over whether this matter is within the Court's subject matter jurisdiction. Dkts. #14 and #38. Several defendants have also questioned whether this Court lacks subject matter jurisdiction under the *Rooker-Feldman*[1] doctrine. Dkt. #27 at 6–7. Accordingly, the Court orders the parties to show cause why this case falls within the Court's subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and a plaintiff bears the burden of establishing that a case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

ORDER – 1

U.S. 375, 377 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). A plaintiff may establish either federal question jurisdiction or diversity jurisdiction.[2] Federal question jurisdiction is established by pleading a "colorable claim 'rising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations omitted); 28 U.S.C. § 1331.

Establishing subject matter jurisdiction is paramount. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented [as] . . . [s]ubject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). To this end, Federal Rule of Civil Procedure 12 requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Similarly, where a plaintiff is proceeding IFP, a court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

---

[2] The Court has already noted that Plaintiff cannot establish diversity jurisdiction. Dkt. #14 at 6. Diversity jurisdiction requires that a plaintiff plead "a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citing 28 U.S.C. § 1332). For diversity jurisdiction in a case involving multiple plaintiffs and defendants, each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67 (1996). If any plaintiff is a citizen of the same state as any defendant, complete diversity is destroyed. "Plaintiff pleads that both he and his former business partner—Defendant Maruthai Shanmugam—are residents of King County, Washington. Dkt. #5 at ¶¶ 1–3. This alone precludes diversity jurisdiction." Dkt. #14 at 6.

ORDER – 2

As the Court has previously noted, Plaintiff has not established that he validly raises a federal question. Dkt. #14 at 7. Accordingly, the Court finds and ORDERS:

1. That each party shall file a short and plain statement, **not to exceed six (6) double-spaced pages**, explaining whether this Court does or does not have subject matter jurisdiction. This should include:

    a. Identification of the laws or statutes giving rise to federal question jurisdiction, if any;

    b. Analysis of whether Plaintiff has standing to assert those claims;

    c. How a defendant violated the laws or statutes giving rise to federal question jurisdiction; and

    d. Analysis of whether those claims are barred by the *Rooker-Feldman* doctrine.

2. Responses are due **no later than twenty-one (21) days from the date of this Order**.

3. The Court will take no further action in this case until responses are filed.

4. Plaintiff is warned that his failure to file a response will result in dismissal of this action.

DATED this 12 day of August 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3