UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLAL K. AMRANI, et al., | CASE NO. C19-844 RSM |
| Plaintiffs, | ORDER OF DISMISSAL |
| v. | |
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, et al., | |
| Defendants. | |

## I. INTRODUCTION

This matter is before the Court *sua sponte* following the Court's Order to Show Cause. Dkt. #47. At various times, the Court has expressed concerns over whether it could exercise subject matter jurisdiction over the Plaintiff's, Mr. Allal K. Amrani's ("Mr. Amrani"), claims.[1] Dkts. #14 and #38. The Court therefore ordered all parties to address whether Mr. Amrani (1) could establish federal question jurisdiction, (2) had standing to assert claims invoking federal question jurisdiction, (3) could properly state a claim invoking federal question jurisdiction, and

---

[1] Mr. Amrani lists Interfaith Education Center and MLS Companies, Inc. as additional plaintiffs in the caption of his Complaint. Dkt. #5. These appear to be business entities in which Mr. Amrani has or had some interest. Dkt. #5 at ¶¶ 43–45, 52–54. However, Mr. Amrani executed the complaint only in his individual capacity and, as he is proceeding pro se, cannot represent his business entities. *See* LCR 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel.").

ORDER – 1

(4) could otherwise avoid the application of the *Rooker-Feldman* doctrine to bar his claims.[2] Dkt. #47 at 3. Mr. Amrani and various defendants have responded. Dkt. #49 (Defendant Channa Copeland as Governor of Northstar Case Management LLC); Dkts. #50 and #51 (Mr. Amrani); Dkt. #54 (Defendant MTC Financial Inc. d/b/a Trustee Corps); Dkt. #55 (Defendants Caliber Home Loans, Inc., Mortgage Electronic Registration Systems, Inc., and U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust); Dkts. #56 and #57 (Defendants Fidelity National Law Group and Daniel A. Womac). Upon review, the Court finds no basis for subject matter jurisdiction and accordingly dismisses this action without prejudice.

## II.  BACKGROUND

The Court has previously recounted the background to this action and sets it forth here:

> [Mr. Amrani] alleges that he owns a piece of property in SeaTac, Washington (the "Property"). Dkt. #7 at ¶ 1. The Property was acquired, in 2006, by one of the defendants in pursuit of a joint business venture with [Mr. Amrani]. *Id.* at ¶ 8–12. The Property was later transferred to the business venture, but payments were missed, and the mortgage went into default in 2011. *Id.* at ¶ 19.
>
> Over the years, [Mr. Amrani] has recorded several quit claim deeds related to the Property and has recorded a "UCC Development Real Estate Services Mechanic's Lien" against the Property. *Id.* at ¶ 26; Dkt. #7-4. Concurrently, several of the defendants have continued to seek foreclosure of the Property and have continued to send [Mr. Amrani] and his former partner notices at the Property. On December 16, 2016, unspecified defendants filed a complaint in King County Superior Court seeking to foreclose on the Property [or establish the status of certain liens on the Property]. Dkt. #7 at ¶ 28. A *guardian ad litem* ("GAL") was appointed for [Mr. Amrani] due to significant health issues that were caused, at least in part, by the mortgage default. *Id.* at ¶¶ 39–40. Ultimately, the GAL took actions that [Mr. Amrani] maintains were not in his best interest, including placing [Mr. Amrani]'s interest in the Property into a special needs trust—for which the GAL was the trustee. *Id.*; Dkt. #7-5. [Mr. Amrani] believes

---

[2] The *Rooker-Feldman* doctrine prevents federal district courts from exercising jurisdiction in a narrow set of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 54 U.S. 280, 284 (2005)) (quotation marks omitted). *See also*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

ORDER – 2

that the GAL, a defendant, has acted to the benefit of several of the other defendants in this action. Dkt. #7 at ¶ 34.

Dkt. #14 at 2–3.[3]

### III. DISCUSSION

#### A. Legal Standard

Where a plaintiff proceeds *in forma pauperis*, as Mr. Amrani does here, the court is to dismiss the action, at any time, if it fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Establishing subject matter jurisdiction in federal courts is paramount. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented [as] . . . [s]ubject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Federal Rule of Civil Procedure 12 likewise requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Because federal courts are courts of limited jurisdiction, the plaintiff bears the burden of establishing that a case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). A plaintiff may establish either federal question jurisdiction or diversity jurisdiction. Federal question

---

[3] All citations to page numbers are to the page numbers assigned by the Court's Case Management/Electronic Case Filing System.

ORDER – 3

jurisdiction is established by pleading a "colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations omitted); 28 U.S.C. § 1331.

**B. Prior Notice of Deficiencies**

As noted, the Court has previously alerted Mr. Amrani to his failure to adequately invoke federal question jurisdiction.[4] Dkts. #14, #38, and #47. Specifically, the Court explained that

> [Mr. Amrani] clearly pleads a claim under the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692 *et seq.* But those claims appear to relate to "delinquent consume[r] debt" of Defendant Shanmugam, making it unclear whether [Mr. Amrani] has standing to pursue such claims or whether the activities are related to the Property.

Dkt. #14 at 7. As to other claims providing a possible basis for federal question jurisdiction, the Court noted that

> [Mr. Amrani] also references several other federal statutes in his Complaint, but none appear to clearly provide for federal question jurisdiction. First, [Mr. Amrani] references the Truth in Lending Act, but does not make substantive claims under that statute. Dkt. #5 at ¶ 73 (mentioning TILA, 15 U.S.C. § 1601). [Mr. Amrani] does make a claim under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601–2617. But again, [Mr. Amrani] argues that the violation occurred at the time of the initial loan to Defendant Shanmugam and does not make clear that he has standing to pursue those claims. Lastly, [Mr. Amrani] also references 28 U.S.C. § 2409a in his Complaint as providing jurisdiction. Dkt. #5. But that statute cannot provide jurisdiction because it deals with quiet title actions in which the United States is a named defendant. 28 U.S.C. § 2409a.

---

[4] The Court has already noted that Mr. Amrani cannot establish diversity jurisdiction. Dkt. #14 at 6. Diversity jurisdiction requires that a plaintiff plead "a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citing 28 U.S.C. § 1332). For diversity jurisdiction in a case involving multiple plaintiffs and defendants, each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67 (1996). If any plaintiff is a citizen of the same state as any defendant, complete diversity is destroyed. As the Court has noted, "[Mr. Amrani] pleads that both he and his former business partner—Defendant Maruthai Shanmugam—are residents of King County, Washington. Dkt. #5 at ¶¶ 1–3. This alone precludes diversity jurisdiction." Dkt. #14 at 6.

ORDER – 4

*Id.* n.6.

**C. Mr. Amrani's Response**

Despite the Court's prior notice to Mr. Amrani of the substantive issues to be address, Mr. Amrani's response to the Court's Order to Show Cause is wholly deficient and does nothing to satisfy his burden of establishing that his action is within this Court's jurisdiction. First, Mr. Amrani appears to argue that diversity jurisdiction does exist because he "has dual National citizenship, and dual USA Citizenship" in both Washington and Texas. Dkt. #50[5] at 1. But even if Mr. Amrani provided proof of his assertions, the fact would not change the conclusion that at the time of filing Mr. Amrani apparently was a citizen of the United States, domiciled in Washington. *See Co-Efficient Energy Systems v. CSL Industries, Inc.*, 812 F.2d 556, 667 (9th Cir. 1987) ("Diversity of citizenship is determined as of the time of the filing of the complaint."); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (state citizenship determined by state of domicile). Mr. Amrani's response does nothing to support the notion that diversity jurisdiction exists here.

As to federal question jurisdiction, Mr. Amrani does not point to any additional Constitutional or statutory bases for his claims and does not support the grounds the Court previously identified as deficient. Rather, Mr. Amrani appears to allege that the Court is discriminating against him because he "is elderly and disabled" and, presumably, because the Court previously refused to appoint counsel for Mr. Amrani. Dkt. #50 at 3; Dkt. #38. But this does nothing to establish federal question jurisdiction in this case. *See Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115, 1120 (9th Cir. 2011) (federal question jurisdiction determined from

---

[5] Mr. Amrani's first filed response was not properly signed. Dkt. #50. Upon being notified of the issue, Mr. Amrani filed a second response. Dkt. #51. While signed, Mr. Amrani's second filing contained a watermark and duplicate pages. *Id.* Accordingly, the Court cites to the first filed response (Dkt. #50) for clarity.

ORDER – 5

"the face of the plaintiff's properly pleaded complaint") (citations and quotation marks omitted). Still further, Mr. Amrani points to several Washington statutes further supporting the Court's conclusion that this matter is not properly before this Court. Dkt. #50 at 3. Mr. Amrani has not carried his burden.

### D. Defendants' Responses

Conversely, defendants' responses to the Court's Order to Show Cause demonstrate that the claims fall outside of the Court's subject matter jurisdiction. Dkts. #49 and #54–#57. The Court does not find it necessary to recount the detailed arguments advanced by defendants. Rather, the Court adopts the arguments and notes that they are well supported by the law, are persuasive, and confirm that the Court lacks jurisdiction to hear this case.

### E. Defendant Maruthai Shanmugam's Counterclaim

The Court finds it appropriate to briefly address the fact that Defendant Maruthai Shanmugam ("Defendant Shanmugam"), in his answer, asserts a counterclaim against Mr. Amrani for violation of a bankruptcy discharge injunction. Dkt. #20 at ¶ 5. Specifically, Defendant Shanmugam asserts that "Defendant is entitled to sanctions and terms against the Mr. Amrani for violating the Defendant's discharge injunction under 11 USC § 727." *Id.* Defendant's claim unquestionably presents a federal question as it arises from a federal statute. However, federal question jurisdiction cannot be established from "an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60–61 (2009). Thus, Defendant Shanmugam's counterclaim does not alter the Court's reasoning.[6]

---

[6] The Court further finds that dismissal of the counterclaim without prejudice is appropriate as the Court lacks jurisdiction over Mr. Amrani's action, the counterclaim is in its infancy, and Defendant Shanmugam was not required to pay a filing fee.

ORDER – 6

**F. Mr. Amrani's Motion for Leave to Amend**

On August 29, 2019—after the Court's Order to Show Cause—, Mr. Amrani filed a Motion for Leave to Amend the Complaint to Add Defendants Who Have Any Interest in this Case Not Previously Known. Dkt. #52. Mr. Amrani's Motion is scarce on details, but the Court surmises that Mr. Amrani attempts to add additional defendants. *Id.* at 2 (indicating need to add defendants that "were either not known to have an interest/involvement with [Mr. Amrani's] case, [that] some [defendants provided] false pertinent information as to their affiliations and identification, [that] some are in an official capacity, and [that] some need to be added due [to] their negligent actions to" Mr. Amrani). However, Mr. Amrani does not provide any factual allegations as to the involvement of these additional defendants, his amendment does not present a federal question, and the addition of the new defendants would not alter the Court's conclusion that it lacks jurisdiction. Mr. Amrani's Motion is wholly irrelevant to the Court's underlying consideration and is denied as moot.

**G. Other Pending Motions Denied as Moot**

Lastly, the Court notes that various motions to dismiss and a motion for summary judgment are pending in this action. Dkts. #25, #27, #32, and #48. Because the Court finds it does not have subject matter jurisdiction to hear Mr. Amrani's claims, these pending motions are denied as moot.

### IV. CONCLUSION

Having reviewed the responses to the Court's Order to Show Cause (Dkt. #47) and the remainder of the record, the Court finds and ORDERS:

1. All claims asserted in the Complaint (Dkt. #5) are DISMISSED without prejudice.
2. Defendant Maruthai Shanmugam's counterclaim, asserted in his Answer (Dkt. #20), is DISMISSED without prejudice.

ORDER – 7

3. The following motions are DENIED as moot:

   a. Defendant MTC Financial Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #25);

   b. Defendants U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust; Caliber Home Loans, Inc.; and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (Dkt. #27);

   c. Motion for Summary Judgment by Defendant Maruthai Shanmugam (Dkt. #32);

   d. Defendant Northstar Case Management, LLC's Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6) (Dkt. #48); and

   e. Plaintiff's Motion for Leave to Amend the Complaint to Add Defendants Who Have Any Interest in This Case Not Previously Known (Dkt. #52).

4. This matter is CLOSED.

DATED this 9 day of September 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE