|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| ALLAL K. AMRANI, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, et al.,<br><br>　　　　Defendants. | CASE NO. C19-844RSM<br><br>ORDER |

This matter is before the Court on Defendant Northstar Case Management, LLC's Motion for Attorney's Fees and Costs. Dkt. #61. The Court previously dismissed, without prejudice, all Plaintiff's[1] claims because this Court lacks subject matter jurisdiction to hear the matter. Dkt. #59. Defendant's Motion followed, challenging Plaintiff's claims as frivolous on the merits and seeking an award of attorneys' fees.[2] Dkt. #61. Searching for a legal basis to support an award of fees, Defendant invokes both Federal Rule of Civil Procedure 11 and Federal Rule of Civil

---

[1] The Complaint lists three Plaintiffs: Allal Amrani, Interfaith Education Center, and MLS Companies, Inc. Dkt. #5. The business entities appear to be entities in which Mr. Amrani has, or had, some interest. *Id.* at ¶¶ 43–45, 52–54. Mr. Amrani executed the Complaint only in his individual capacity and, as he is proceeding pro se, cannot represent his business entities. *See* LCR 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel."). For ease of reference, the Court refers to a singular "Plaintiff."

[2] While styled a motion for "fees and costs," Defendant does not seek any costs. Dkt. #61.

ORDER – 1

Procedure 54. But Defendant's shallow and conclusory arguments fail to find legal support in either Rule. Even if Defendant identified a legal basis for an award of fees here, Defendant's Motion does not convince the Court that an award of fees is appropriate. The Court denies Defendant's Motion.

Rule 54(d) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). But this does not support Defendant's Motion. Setting aside the fact that Defendant's Motion seeks only attorneys' fees, the Court notes that Defendant is not a prevailing party for purposes of Rule 54(d)(1). *See Miles v. State of California*, 320 F.3d 986, 988 (9th Cir. 2003) ("We now conclude that, in addition to attorneys' fees requested under the civil rights statute, costs under Rule 54(d) may not be awarded where an underlying claim is dismissed for lack of subject matter jurisdiction, for in that case the dismissed party is not a 'prevailing party' within the meaning of Rule 54(d)."). Defendant may not proceed under this subsection.

Rule 54(d) also authorizes motions claiming entitlement to "attorney's fees and related nontaxable expenses." FED. R. CIV. P. 54(d)(2)(A). This provision appears more welcoming but, by its own terms, excludes motions that are premised on violations of the Federal Rules of Civil Procedure—like Defendant's. *See* FED. R. CIV. P. 54(d)(2)(E) (clarifying that provisions authorizing award of attorneys' fees and nontaxable expenses "do not apply to claims for fees and expenses as sanctions for violating these rules"). Defendant may not rely on Rule 54.

Defendant leaves itself to rely on Rule 11(c) sanctions. That Rule authorizes a party to make a motion for sanctions, but specifically requires that "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or

ORDER – 2

within another time the court sets." FED. R. CIV. P. 11(c)(2). Defendant gives no indication that it complied with this safe harbor provision, precluding Defendant's claim:

> A Rule 11 motion for sanctions must be served on opposing counsel twenty-one days before filing the motion with the court, providing the opposing counsel a "safe harbor . . . to give the offending party the opportunity . . . to withdraw the offending pleading *and thereby escape sanctions*." *Barber v. Miller,* 146 F.3d 707, 710 (9th Cir. 1998); *see also* Fed. R. Civ. P. 11(c)(2). Failure to provide the required notice precludes an award of Rule 11 sanctions upon [party's] motion. *Barber,* 146 F.3d at 710 (holding that "[a]n award of [Rule 11] sanctions cannot be upheld" where party seeking sanctions did not provide twenty-one day notice period). Thus the district court was correct as a matter of law that there was "no basis" for awarding Rule 11 sanctions.

*Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009).

The Court cannot help but note that Defendant's failure to identify an appropriate basis for an award of fees is ironic. Defendant's Motion is premised on the perception that Plaintiff—proceeding pro se—failed to adequately conduct research and failed to correctly apply legal principles. It appears, however, that Defendant—represented by learned counsel—may have committed those same sins.

Defendant voluntarily shoehorns all its arguments for an award of attorneys' fees under the constrictive confines of "frivolity." *See* Dkt. #61 at 2 (asserting that "Plaintiff's claims against [Defendant] were entirely frivolous" and providing five supporting reasons). Defendant appears to believe that the Court has already concluded as much. But Plaintiff's claims were not dismissed on the merits, they were dismissed for a lack of subject matter jurisdiction. Thus, it is Defendant that now must bear the burden of establishing that Plaintiff's claims were frivolous.

Courts use frivolous as shorthand "to denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting *Moore v. Keegan Mgmt. Co (In re Keegan Mgmt. Co., Sec. Litig*.), 78 F.3d 431, 434 (9th Cir. 1996) (quotation marks omitted)). "When, as here, a 'complaint is the primary

ORDER – 3

focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it.'" *Holgate*, 425 F.3d at 676 (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations and citation omitted)).

The Court first notes that Defendant's Motion almost entirely omits any legally supported analysis. Defendant only points to several provisions of state law related to trusts. Dkt. #61 at 4–11. But the provisions cited do not appear to support Defendant's broad claims. For instance, Defendant argues that Plaintiff sued in a court that lacked jurisdiction because of a Washington statute providing that "[t]he superior court of every county has original subject matter jurisdiction over trusts and all matters relating to trusts." Dkt. #61 at 4 (citing WASH. REV. CODE § 11.96A.040(2)). But Defendant provides no legal authority for the necessary supposition that "original" jurisdiction should be interpreted as "exclusive" jurisdiction. *But see DiAntonio v. Pennsylvania State Univ.*, 455 F. Supp. 510, 512 (M.D. Pa. 1978) (noting that original jurisdiction does not mean exclusive jurisdiction and that state and federal courts had concurrent jurisdiction).

The Court also notes that Defendant does not clearly establish that brining an action in a court without jurisdiction provides a basis for asserting that the merits of the legal claim are frivolous. In fact, Defendant's Motion reads much like a motion to dismiss. The arguments may be legally sounds, but the Court finds it telling that pages must be spent discussing the feasibility of Plaintiff's claims while claiming they are patently frivolous. Further, the Court does not find it appropriate to delve into the merits of Plaintiff's claims where the Court dismissed this action for a lack of subject matter jurisdiction.

Defendant's Motion also leaves the second prong of the "frivolous inquiry" entirely unaddressed. Instead, Defendant merely relies on the bald conclusion that Plaintiff's inquiry

ORDER – 4

must have been deficient. *See* Dkt. #61 at 5–6 ("It is nigh inconceivable that the Plaintiff, acting in good faith, could interpret the law such that this Court would have jurisdiction over his claims against [Defendant]."). Defendant appears to argue for some sort of a per se rule that dismissal means a claim was not supported by adequate inquiry. But the Court is not prepared to adopt such a per se rule—especially for pro se plaintiff.

Lastly, and perhaps gratuitously, the Court notes other aspects of Defendant's Motion that left the Court puzzled. Where Plaintiff does cite to legal authority, it is primarily to state law authority. But again, the Court sees no reason it should be applying anything other than federal law where it is otherwise dismissing an action for a lack of subject matter jurisdiction. Defendant claims that Plaintiff's claims are frivolous because it is indemnified for certain actions but does not explain why indemnification should be applied as immunity or a release. *See e.g., Wallerstein v. Spirt*, 8 S.W.3d 774, 779 (Tex. App. 1999) (distinguishing "release," which precludes a suit on claims, from "indemnity," which "creates a potential cause of action between the indemnitee and the indemnitor").

Accordingly, and having considered Defendant's Motion and the remainder of the record, the Court finds and ORDERS that Defendant Northstar Case Management, LLC's Motion for Attorney's Fees and Costs (Dkt. #61) is DENIED. This matter remains CLOSED.

Dated this 30 day of December, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 5